S.I

DET #054687

9

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Antonio Harris
37498 Southampton
Livonia MI 49326

      Plaintiff,

              v

F.D.I.C
300 South Riverside Plaza
Suite 1710
Chicago, IL 60606

JPMorgan Chase & Co.
270 Park Avenue
New York, NY 10017-2070

Marshall Isaacs in his Individual and Professional Capacities
1650 West Big Beaver
Troy MI 48084

Orlans Associates Inc
1650 West Big Beaver
Troy MI 48084

HSBC
1515 MARKET STREET LBBY 110
PHILADELPHIA, PA 19102

LUMINENT CAPITAL
1515 MARKET STREET SUITE 1808
PHILADELPHIA, PA 19102

Case:2:13-cv-11721
Judge: Cook, Julian Abele
MJ: Majzoub, Mona K.
Filed: 04-16-2013 At 03:07 PM
CMP HARRIS V FDIC ET AL (RDL)

**REQUEST FOR JURY TRIAL**

**VERIFIED PLEADINGS**

**PLAINTIFFS CLAIM AND COMPLAINT AGAINST
DEFENDANTS ET AL
FOR LACK OF STANDING, CIVIL CONSPIRACY TO COMMIT
MORTGAGE FRAUD**

1

Antonio Harris hereafter the Plaintiff claims that the Defendants have committed Identity Theft and Mortgage Fraud. The Defendants has no standing to collect on this invalid debt. The Plaintiff entered in to a unilateral contract with Washington Mutual Bank on or about July 17, 2006. In September 2008 Federal Deposit Insurance became Receiver for Washington Mutual Bank due to their dissolution.

## STATEMENT OF FACTS

1. Pursuant to the Single Family Owner Occupied Loan evidence of the SLA Schedule 4.15 A in which the Federal Deposit Insurance Corporation automatically absorbs 80% of the loss; pursuant to the Purchase Assumption Agreement
2. The quarterly reports that is required by the FDIC in reference to this loan mandated by the FDIC Shared Loss Agreement [Single Family (Schedule 4.15A) & Commercial 4.15B (NSF) will prove that Chase is not the real party in interest.
3. The Purchase Assumption Agreement between The Federal Deposit Insurance Corporation and Chase will prove to this court that the Defendants does have a valid claim in which relief can be granted, civilly conspired to commit mortgage fraud and is not the real party in interest.
4. On May 9, 2012 an Executive Operations Unit Manager Lawrence Nardi for JP Morgan Chase stated testified under oath that JP Morgan Chase that there was no assignments of mortgage, no allonges evidencing transfer of ownership from Washington Mutual to JP Morgan Chase **(SEE EVIDENCE A "OFFER OF PROOF").**

# ARGUMENT

I.    **Standing analysis**

Changes in mortgage practices over the past several years have created a number of new issues in foreclosure proceedings. The issue in this case is the standing of the Defendants et al as to enforcing their claim. Serial assignments of the mortgagee's interest(s) and the securitization of mortgages have complicated what was previously a generally straight-forward standing analysis. Standing in this context requires that the Defendant provide explanation and documentation of their standing to seek relief on real estate secured debts, which they cannot do.

To legally collect on their claim, the Defendants must have both constitutional and prudential standing, as well as be the real party in interest under FED. R. CIV. P. 17 and MCL600.2041. Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the Plaintiff's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision.[1]

Beyond the Article III requirements of injury in fact, causation, and redressibility, the party enforcing their claim must also have prudential standing, which is a judicially-created set of principles that places limits on the class of persons who may invoke the courts' powers.[2] As a prudential matter, the Defendant must assert "their own legal interests as the real party in interest."[3]

---

[1] *Valley Forge Christian Coll v Am United for Separation of Church and State*, 454 US 464, 472 (1982)(citations and internal quotations omitted).
[2] See *Warth v Seldin*, 422 U.S. 490, 499 (1975).
[3] *Dunmore v United States*, 358 F.3d 1107, 1112 (9 Cir. 2004), as found in FED. R. CIV. P. 17, which provides "[a]n action must be prosecuted in the name of the real party in interest."

To be a real party in interest, the party must have the right to sue or enforce a claim under the applicable substantive law.[4] To have standing in a foreclosure action a party must be the mortgagee (or assignee of the mortgagee) when it files suit.[5] Even if a servicer or agent has authority to bring the motion on behalf of the holder, it is the holder of the Note and Mortgage, rather than the servicer, which must be the moving party.[6] Additionally, however, the Purchase Assumption Agreement severed the note and the mortgage. Once the note is sold to investors and insurances claims are filed, it is no longer attached. When the Defendants attempts to foreclose, it is doing so on an unsecured "interest." The promissory note and the Deed of Trust (or mortgages) are inseparable: "[t]he note and the mortgage are inseparable; the former as essential, the later as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."[7] The Defendant must show that there has been a sufficient transfer of the note and the deed of trust, or that is has authority to act for the note's holder.[8]

In an action on a note, the Defendant bears the burden of proving it is the owner. The Uniform Commercial Code (UCC) dictates the laws and procedures governing security interests. According to the UCC, the promissory note in this case is a negotiable instrument and must follow the UCC to be enforceable for the Defendant. UCC §3-104(a) defines a negotiable instrument as one that is payable to a named person (bank) or to order, at a definite time or on demand, and does not contain an undertaking other than the payment of money. Since the allege

---

[4] See, e.g., *U-Haul Int'l, Inc v Jartran, Inc*, 793 F2d 1034, 1038 (9th Cir 1986).
[5] See *In re Foreclosure Cases*, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio).
[6] *In re Jacobson*, 402 BR 359, 366-67 (Bankr WD Wash 2009).
[7] *Carpenter v Longan*, 83 US 271, 274 (1872).
[8] *In re Vargas*, 396 BR 511, 516-17 (Bankr CD Calif 2008).

agreement here fits the definition of a negotiable instrument, it must abide by the code.

The UCC provides that the transfer of possession of a negotiable instrument with or without its endorsement, "vests in the transferee any right of the transferor to enforce the instrument."[9] But "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder."[10] When the note was transferred to the Defendants, the rights of the transferor to enforce the instrument were vested in it. To summarize, the mortgage had to be properly transferred to Chase to be enforceable. However, because of the nature of the assignments of the mortgage, especially through the Federal Deposit Insurance Corporation Purchase Assumption Agreement, it has not been properly negotiated. The mortgage is missing endorsements. Therefore, Chase cannot establish that it is the holder of the note, nor can it prove that it has any rights to enforce under the transfer because without a perfected chain of title, there is no way of knowing what the rights of each party in the chain of assignments were.

## CONCLUSION

The Defendants et al did not have a valid claim to the allege debt nor an equitable interest with the Plaintiffs mortgage and promissory note. Pursuant to the Shared loss agreement, Chase has received compensation. Furthermore, all transactions that have occurred amongst the Defendants are a nullity. For the foregoing reasons, Chase was not the owner of the debt, had no interest in the debt, and was not the servicer, and therefore, the Plaintiff is entitled to Relief.

---

[9] UCC § 3-203(b).
[10] UCC § 3-201(b).

## REQUEST FOR RELIEF

**WHEREFORE,** The Plaintiff demands judgment against the Defendants jointly and severally as follows:

1. Judgment against Defendants as jointly and severally liable for all issues in excess of $4,670,129.19; (Four Million, Six Hundred and Seventy Thousand, One Hundred and Twenty Nine Dollars and Nineteen Cents)

2. Costs and attorneys fees pursuant to Michigan law;

3. Rescission of the entire mortgage and note amounting to clear title to property with fixtures as a result of the aforementioned;

4. Damages for the Unfair and Deceptive Acts and Practices and

5 Damages in the amount of three times the interest paid and clear title to the property stemming from the exorbitant interest;

6. Judgment against Defendants for return of the down payment, and other payments, as well as interest on the above amount;

7. Pre-Judgment and post judgment interest at the maximum rate allowable by law;

8. Compensatory damages;

9. Such other and further relief available under all applicable state laws; and any relief the court deems just and appropriate.

Respectfully submitted,

_____
Antonio Harris

Acknowledge by and sworn to before me this 16th day of April, 2013.

My commission expires 2/15/15  _____
                                NOTARY PUBLIC

```
AMANDA HODGSON
Notary Public - Michigan
Oakland County
My Commission Expires Feb 15, 2015
Acting in the County of Oakland
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

County in which action arose: WAYNE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing by local rules of court. This form, approved by the Judicial Conference of the United States in Septembe the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

Case: 2:13-cv-11721
Judge: Cook, Julian Abele
MJ: Majzoub, Mona K.
Filed: 04-16-2013 At 03:07 PM
CMP HARRIS V FDIC ET AL (RDL)

## I. (a) PLAINTIFFS
Antonio P Harris 37498 Southampton livonia MI. 48154

(b) County of Residence of First Listed Plaintiff: WAYNE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: FIDC ET AL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Title 12 USC 1710

Brief description of cause: The defendants did not have a valid claim to alleged debt nor an equitable interest with a promissory note.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $4,670,129.19

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE
DOCKET NUMBER

DATE: 4/16/13
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

    Notes :