UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANTONIO HARRIS,**

   **Plaintiff,**      CIVIL ACTION NO. 13-CV-11721

 vs.          DISTRICT JUDGE JULIAN ABELE COOK

            MAGISTRATE JUDGE MONA K. MAJZOUB

**FDIC, et al.,**

   **Defendants.**

              /

### REPORT AND RECOMMENDATION

  Currently pending before the Court are the following motions: (1) Defendants Marshall Isaacs and Orlans Associates, Inc.'s Motion to Dismiss (docket no. 8); (2) Defendant JP Morgan Chase Bank, N.A's Motion to Dismiss (docket no. 9); (3) Plaintiff's Motion to Strike docket no. 9 (docket no. 19); (4) Plaintiff's Motion to Strike docket no. 8 (docket no. 31); (5) Plaintiff's Motion for Discovery (docket no. 32); (6) Defendant FDIC's Motion to Dismiss (docket no. 39); (7) Plaintiff's Motion for Change of Venue (docket no. 45); and (8) Plaintiff's Motion for Court to Sign Judgment (docket no. 56). The respective parties have filed various responses and replies to each others Motions. (*See* docket nos. 30, 37, 38, 42, 44, 50, 51, and 58.) The Motions have been referred to the undersigned for consideration. (Docket nos. 26, 27, 34, 41, 47, and 57.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[1]

**I. Recommendation**

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons that follow, the Court recommends: granting Defendant Isaacs and Orlans' Motion to Dismiss [8]; granting Defendant Chase's Motion to Dismiss [9]; granting Defendant FDIC's Motion to Dismiss [39]; denying Plaintiff's Motions to Strike docket no. 9 [19]; denying Plaintiff's Motion to Strike docket no. 8 [31], and denying Plaintiff's Motion for Court to Sign Judgment [56]. The Court further recommends denying Plaintiff's Motions for Discovery [32] and for Change of Venue [45] as moot and dismissing Plaintiff's claims against Defendants HSBC and Luminent Capital. Therefore, the Court recommends dismissing this matter in its entirety.[2]

## II. Report

### A. Facts

Plaintiff Antonio Harris filed his claim on April 16, 2013, alleging a "lack of standing" and "civil conspiracy to commit mortgage fraud" against Defendants. (Docket no. 1.) Plaintiff's Complaint, however, is in the form of a legal brief, including a "Statement of Facts" and an "Argument" in lieu of enumerated paragraphs containing allegations, grounds for relief, and damages. (*See id.*) While not entirely clear, it appears that Plaintiff's allegations arise out of the foreclosure of his property located at 37498 Southampton in Livonia, Michigan.[3] (*See id.*) Plaintiff

---

[2]If the Court does not adopt Section II.B.5 of this Recommendation, Plaintiff's Complaint will remain pending against Defendants HSBC and Luminent Capital. Neither HSBC nor Luminent Capital have responded to Plaintiff's Complaint. Plaintiff has obtained a Default against HSBC. (Docket no. 23.) In his Request for Clerk's Entry of Default, Plaintiff alleged the HSBC received a copy of the Complaint on April 18, 2013. (*See* docket no. 22 at 3.) It is unclear, however, whether Luminent Capital has been properly served.

[3]Notably, Plaintiff failed to include any information regarding the property at issue in his Complaint. (*See* docket no. 1.) Plaintiff also fails to state any of the facts leading up to the foreclosure on his property. Thus, this section includes facts alleged by Defendants in their various Motions to the extent that those facts are supported by public documents or documents referred to in Plaintiff's Complaint. *See Greenberg v. Life Ins. Co. Of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *New England Health Care Emp. Pension Fund v. Ernst*

does not identify which Defendants committed which allegedly improper acts, but Plaintiff appears to argue that Defendants, collectively, committed mortgage fraud when the FDIC, as receiver for Washington Mutual Bank ("WaMu"), sold WaMu's assets (including the loan and mortgage associated with Plaintiff's property) to Defendant Chase under a Purchase and Assumption Agreement. (*See id.*) Plaintiff attempts to support his claims by arguing that the chain of title for the transfer from WaMu to Chase is not complete and, therefore, Chase did not have standing to foreclose on the mortgage. (*See id.*)

It appears that on or about July 17, 2006, Plaintiff entered into a mortgage agreement with WaMu, whereby WaMu loaned Plaintiff and Dawn M. Harris, Plaintiff's wife, $228,000; the loan was secured by the properly located on Southampton in Livonia. (*See* docket no. 9-2.) On or about September 25, 2008, the U.S. Department of Treasury's Office of Thrift Supervision seized WaMu due to insolvency and appointed the FDIC as receiver. (*See* docket no. 39 at 5-6.) As receiver, the FDIC then executed the Purchase and Assumption Agreement with Chase. (Docket no. 39-1.)

Plaintiff's last payment on his mortgage appears to have been made in or about May 2010. (*See* docket no. 06-6 (noting that the "loan is delinquent and owing for June 1, 2010).) On January 13, 2011, Plaintiff filed for Chapter 7 Bankruptcy, and in his petition, he identified Chase and the Mortgage; he also noted that the property in question "will be [s]urrendered." (Docket no. 9-3 at 9; docket no. 9-4.) On April 5, 2011, the bankruptcy court granted Plaintiff's discharge. (Docket no. 9-5.) Five months later, Chase filed a Motion for relief from the automatic bankruptcy stay so that it could pursue its state court remedies with respect to the property. (Docket no. 9-6.) In 2012, Chase, as servicing agent for the mortgage, which was then held by HSBC, initiated foreclosure

---

*& Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

proceedings and hired Defendant Orlans as counsel; Defendant Isaacs is an attorney employed by Orlans. (*See* docket no. 8.) A foreclosure sale occurred with respect to the property on November 15, 2012. (*See* docket no. 9-8.)

To redeem the property, Plaintiff was required to act by May 15, 2013. (*See id.* at 8.) It does not appear that Plaintiff attempted to redeem the property, but on April 16, 2013, he filed the instant Complaint. (*See* docket no. 1.) Defendants Orlans and Isaacs argue that Plaintiff's Complaint fails to state a claim against them because it is devoid of any factual allegations against Orlans or Isaccs. (Docket no. 8 at 10-11.) Moreover, they assert that they are not proper parties as they merely acted as foreclosure counsel. (Docket no. 8 at 10.) Defendant Chase argues that Plaintiff's claims are barred by judicial estoppel where Plaintiff failed to include the instant cause of action as an asset in his bankruptcy petition. (Docket no. 9 at 11-13.) Defendant FDIC argues that the Court lacks subject-matter jurisdiction over Plaintiff's claims against the FDIC and that Plaintiff has failed to state a claim upon which relief can be granted. (Docket no. 39 at 6-13.) Aside from arguing in response to the FDIC's Motion that he filed an administrative claim in 2011, Plaintiff does not directly respond to the arguments raised by Defendants but, instead, reminds that Court that pro se pleadings are to be construed liberally and that unsupported statements of counsel are not to be considered as statements of fact for purposes of a determining a Motion to Dismiss. (*See* docket nos. 19, 30, 31, and 44.)

Additionally, on May 31, 2013, Plaintiff requested a Clerk's Entry of Default as to Defendants Isaacs, HSBC, and Orlans. (*See* docket nos. 19, 20, and 21.) The Court denied such relief as to Isaacs and Orlans but granted entry of default against HSBC. (Docket no. 23.) Plaintiff then requested a default judgment against HSBC, but his request was denied due to an "Insufficient

Affidavid of Sum Certain." (Docket no. 29.) Plaintiff requested a default judgment a second time on July 18, 2013, and again, the request was denied. (Docket nos. 54 and 55.) Plaintiff now seeks to have the Court enforce a judgment against HSBC through his Motion. (Docket no. 56.)

### B. Standard of review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations

and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### C. Analysis

#### 1. Orlans and Isaacs

Even construed liberally, Plaintiff's Complaint fails to mention Orlans or Isaacs, aside from including them in the case caption. (*See* docket no. 1.) Thus, Plaintiff's Complaint with regard to Orlans and Isaacs does not rise above a speculative level and should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Moreover, as Defendants contend, "[i]n cases challenging mortgage foreclosures . . . , a plaintiff does not have a cause of action against foreclosure counsel, who serves as an agent for the bank." *Conlin v. Mortagage Electronic Registration Systems, Inc.*, No. 11-15352, *2-3 (E.D. Mich. Dec. 16, 2011) (O'Meara, J.) (citing *Estate of Jerry Malloy v. PNC Bank*, 2011 WL 4485088 (E.D. Mich. Sept. 27, 2011) (Edmunds, J.); *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 402-403 (2006)). Like here, Orlans and Isaacs were defendants in *Conlin*, and the Court found that they were improperly joined because "Plaintiff's state law claims, if any, are against the principal, U.S. Bank, not the agents." *Id.* Likewise, Plaintiff's claims here, if any, do not arise against Orlans and Issacs. Therefore, Defendants Orlans and Isaacs' Motion to Dismiss

should be granted.

### 2. Chase

It is well-settled that a cause of action is an asset that must be disclosed to the bankruptcy court. *See Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 424 (6th Cir. 2005); *see also* 11 U.S.C. § 521(1). "The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding, where the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004). "[P]ursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." *Lewis*, 141 Fed. Appx. at 425 (finding that the plaintiff's "pursuit of her current discrimination action [wa]s without question 'contrary to' her sworn bankruptcy petition," where one month after her Chapter 13 plan was confirmed, the plaintiff complained to the Equal Employment Opportunity Commission about the defendant's conduct). "[J]udicial estoppel does not apply where the prior inconsistent position occurred because of 'mistake or inadvertence.'" *Id.* at 425 (quoting *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002)).

As noted, in Plaintiff's Chapter 7 bankruptcy petition, he stated that he owned the property in question jointly with his wife (docket no. 9-3 at 7), he acknowledged that Chase was a creditor related to the property in the amount of $228,000 (*id.* at 12), and he listed no outstanding causes of action as assets. Moreover, he indicated that the "Property will be . . . Surrendered." (Docket no. 9-4 at 2.) Plaintiff has not asserted that the statements he made as part of his bankruptcy petition were made because of mistake or inadvertence. Therefore, his claim against defendant Chase is barred by judicial estoppel, and Chase's Motion should be granted.

### 3. FDIC

The FDIC argues that the Court lacks subject matter jurisdiction because Plaintiff did not comply with the administrative claims process set out in the Federal Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").[4] (Docket no. 39 at 6.) FIRREA prescribes a comprehensive statutory scheme authorizing the FDIC to accept appointment and act as a receiver for failing insured depository institutions. Under FIRREA, the FDIC is given broad discretion to adopt and enforce policies which promote the expeditious and efficient winding up of the affairs of failed institutions. 12 U.S.C. § 1821. Consistent with this purpose, the FDIC is authorized as receiver to develop regulations related to the allowance or disallowance of claims and may provide for the administrative determination of such claims. 12 U.S.C. § 1821(d)(4).

Under FIRREA, the FDIC is required to mail or publish notice to the institution's creditors instructing them to present their claims to the receiver by a date specified in the notice. 12 U.S.C. § 1821(d)(3). Claims filed after the established date are generally disallowed, unless the claimant did not receive notice of the appointment of the receiver in time to file the claim before the stated date, and the claim is filed in time to permit payment of the claim. 12 U.S.C. § 1821(d)(5)(C). The prevailing view is that debtors and creditors alike are required to comply with the administrative

---

[4] The FDIC also argues that (1) courts "are prohibited from acting in a manner that would interfere with the F.D.I.C.'s exercise of receiver powers or functions," and (2) the FDIC cannot be sued directly for commission of a tort. (Docket no. 39 at 8, 10.) The Court need not address these arguments because the Court finds that Plaintiff's claims against the FDIC should be dismissed for lack of subject-matter jurisdiction. Nevertheless, if Plaintiff's claims were not barred under the FIRREA administrative exhaustion requirements, Plaintiff's claims would not be properly brought against the FDIC. Instead, Plaintiff's claims would properly be filed against the United States under the FTCA. *See FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994) (("[I]f a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause" like the one included in 12 U.S.C. § 1819(a).)

claims process under FIRREA. *Secrest v. Indymac F.S.B.*, No. 09-10332, 2009 WL 302321, at *3 (E.D. Mich. Feb. 9, 2009) (citing cases).

Under the act, "no court shall have jurisdiction over any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver. . . ."  12 U.S.C. § 1821(d)(13)(D)(i). Consequently, before a claimant may file a judicial action seeking determination of rights with respect to an asset of a failed bank held by the FDIC as receiver, the claimant must have first filed a claim with the FDIC pursuant to the administrative claims process. *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 384-86 (6th Cir. 2008). Failure to file a claim with the FDIC and exhaust the administrative procedures acts as a jurisdictional bar to suit in federal district court. *Id.* at 385-86 (citations omitted).

Here, Plaintiff alleges that he filed an administrative claim with the FDIC on December 5, 2011, and that the FDIC had not responded as of June 20, 2013.  (Docket no. 3.)  Plaintiff provides no support for his contention, but even assuming that he did file such an administrative claim, the FDIC published notice in September 2008 that all claims were required to have been filed by December 30, 2008, pursuant to 12 U.S.C. §1821(d)(3)(B).  (*See* docket no. 51 at 2.)  And under 12 U.S.C. §1821(d)(5)(C)(I), "claims filed after the date specified in the notice published . . . shall be disallowed and such disallowance is final."  Thus, Plaintiff's administrative claims were disallowed when they were untimely filed.  Therefore, Plaintiff's claims are barred, and the Court does not have subject-matter jurisdiction.

### 4.     **Plaintiff Lacks Standing**

In addition to the reasons addressed *supra*, Plaintiff's claims fail because Plaintiff lacks

standing to challenge the validity of the assignment in question. *See Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp.2d 724, 735 (E.D. Mich.) (Feikens, J.), aff'd, 399 Fed. Appx. 97 (6th Cir. 2010), cert. denied, 131 S.Ct. 1696 (2011) ("Borrower disputes the validity of the assignment on several grounds. . . . But, as a non-party to those documents, it lacks standing to attack them."). Therefore, Plaintiff's claims against all of the defendants fail.

### 5.     Plaintiff's Motion for Judgment

Plaintiff requests that the Court "sign the Judgment entered on June 3, 2013," because "[p]ursuant to Local Rule 58.1(c)(1) seven days has (sic) passed and there has not been any written objections to the Judgment." (Docket no. 56 at 1-2.) Plaintiff appears to be referring to the Default entered against Defendant HSBC on June 3, 2013. (*See* docket no. 23.) E.D. Mich. Local Rule 58.1(c) states as follows:

> Within seven days after granting the judgment or order, or later if the court allows, a person seeking entry of a judgment or order may serve a copy of the proposed judgment or order on the other parties and any other person entitled to be heard on entry of the judgment or order, with notice that it will be submitted to the court for signing if no written objections are filed within seven days after service of the notice. The person seeking entry of the judgment or order must file the original and proof of service with the court.

E.D. Mich. L.R. 58.1(c). As Defendant Chase argues in response to Plaintiff's Motion, no judgment has been entered in this matter. Therefore, Local Rule 58.1 does not apply, and Plaintiff's Motion should be denied.

### D.     Conclusion

For the above-stated reasons, the Court recommends: granting Defendant Isaacs and Orlans' Motion to Dismiss [8]; granting Defendant Chase's Motion to Dismiss [9]; granting Defendant

FDIC's Motion to Dismiss [39]; denying Plaintiff's Motions to Strike docket no. 9 [19]; denying Plaintiff's Motion to Strike docket no. 8 [31], and denying Plaintiff's Motion for Court to Sign Judgment [56]. The Court further recommends denying Plaintiff's Motions for Discovery [32] and for Change of Venue [45] as moot and dismissing Plaintiff's claims against Defendants HSBC and Luminent Capital. Therefore, the Court recommends dismissing this matter in its entirety.

### III.     Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate
to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.

Dated: September 11, 2013              s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record and Plaintiff Antonio Harris on this date.

Dated: September 11, 2013              s/ Lisa C. Bartlett
                                       Case Manager