UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO HARRIS,

        Plaintiff,

v.

FDIC, JP MORGAN CHASE & CO, MARSHALL
ISAACS, ORLANS ASSOCIATES, INC, HSBC, and    Case No. 13-11721
LUMINENT CAPITAL    Honorable Julian Abele Cook, Jr.

        Defendants.

ORDER

    This case involves allegations by the Plaintiff, Antonio Harris, that the Defendants[1] collectively engaged in a civil conspiracy to commit fraud in connection with a mortgage transaction and subsequent foreclosure proceedings relating to his home. Currently before the Court is a report[2] from Magistrate Judge Mona K. Majzoub, who has recommended to this Court that it should, *inter alia,* (1) grant the motions to dismiss by four of the Defendants (FDIC, JP Morgan Chase & Co, Marshall Isaacs, and Orlans Associates):[3] (2) deny the Plaintiff's motions to strike;[4] (3) deny the Plaintiff's motions for discovery and change of venue;[5] (4) deny the Plaintiff's motion for the Court

---

[1] The Plaintiff has identified the Defendants as (1) FDIC, (2) JP Morgan Chase & Co., (3) Marshall Isaacs, (4) Orlans Associates, Inc., (5) HSBC, and (6) Luminent Capital.

[2] Report & Recommendation at 10-11 (ECF No. 59).

[3] ECF Nos: 8, 9, and 39.

[4] ECF Nos: 19 and 31.

[5] ECF Nos. 32 and 45.

1

to sign a proposed judgment;[6] and (5) dismiss the Plaintiff's claims against two of the Defendants (HSBC and Luminent Capital). In addition to this report, the Court will also address the Plaintiff's motion for a default judgment filed on September 26, 2013 against HSBC.[7]

I.

A district court has the authority to review any objections to a report and recommendation of a magistrate judge in connection with a dispositive motion de novo. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(3). The failure by either party to file specific objections constitutes a waiver of the right to appeal the magistrate's recommendations. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991). However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins,* 7 F. App'x. 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). The Sixth Circuit has explained that this specificity requirement is necessary in order to conserve judicial resources. *Howard*, 932 F.2d at 509 (if review of general objection is permitted, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act").

II.

In this case, the parties were warned by explicit instructions that had been included at the

---

[6]ECF No. 56.

[7]ECF No. 61.

conclusion of the Magistrate's Report that any objections must be made with specificity. The text of those instructions is as follows: "Failure to file specific objections constitutes a waiver of any further right of appeal. . . . Any objections must be labeled as 'Objection #1,' 'Objections #2,' etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.'" Report & Recommendation at 11(ECF No. 59) (internal citations omitted).

As of this date, the Defendants have not filed any objections to the Magistrate's Report or to her recommendations. The Plaintiff, on the other hand, has timely filed his objections but he has failed to present them with the required specificity. Indeed, while the Plaintiff claims that he "will identify errors of the Magistrate Recommendation and Report and specify the findings that are in error[]" his "objection" consists of little more than a recitation of the facts and fraud allegations found in the complaint. Plaintiff's Objection to Magistrate Report at 4 (ECF No. 60). Moreover, to the extent that the Plaintiff does take issue with the Magistrate's findings, he fails to identify the specific provision(s) within the Report to which his objections apply.

Notwithstanding the Plaintiff's failure to properly state his objections, the Court notes that he appears to disagree with the Magistrate's finding regarding (1) her application of the judicial estoppel doctrine, (2) JPMorgan's acquisition of the Washington Mutual Bank's assets, and (3) the refusal by the Court to enter a judgment against HSBC. With respect to the judicial estoppel issue, the Plaintiff merely summarily asserts that his "wife did not file bankruptcy; therefore judicial estoppel would be an improper [a]ffirmative [d]efense." *Id.* This argument is without merit for the same reasons that were articulated in the Magistrate's Report. Indeed, "pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." *Lewis v. Weyerhaeuser Co.,* 141 Fed. Appx. 420, 424 (6th Cir. 2005).

The Plaintiff cites no authority for the proposition that his wife's status as a non-party to the bankruptcy allows him to proceed with a cause of action that was not disclosed in his bankruptcy petition. As such, the Plaintiff's objection is overruled.

Moving now to the issue involving JPMorgan's acquisition of Washington Mutual's assets- and, by extension, the Plaintiff's mortgage note- he contends that "JPM fraudulently misled [him] to believe that it did own or have rights to collect monies under the Note when in fact it did not . . . ." Plaintiff's Objection at 5. The crux of his argument surrounds the FDIC's Purchase and Assumption Agreement with JPMorgan concerning the assets of the now defunct Washington Mutual. The Plaintiff, in his objection, relies upon the deposition testimony of a JPMorgan corporate representative that had been taken in an unrelated matter, and has been proffered for the proposition that "JPMorgan's assertion that the [Purchase and Assumption Agreement] suffices to establish their ownership of the Note is no longer viable." *Id.* Significantly, the deposition upon which the Plaintiff relies appears to have been taken in connection with a case pending in a Florida state court, having no relation to the matter currently before the Court.

The Magistrate correctly stated in her Report that the Federal Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), provides the FDIC with broad discretion to adopt and enforce those regulations which are designed to promote an expeditious wind up of failed institutions. 12 U.S.C. § 1821 *et seq.* Consistent with this purpose, the FDIC was required to mail or publish notice to the creditors of Washington Mutual that will instruct them of their right to present claims against the institution in a timely manner. It is undisputed that (1) in September of 2008 the FDIC provided creditors with the ability to lodge claims, and (2) the Plaintiff failed to exercise his rights within the prescribed time period. *See* Magistrate's Report at 9. As such, even assuming, *arguendo*, that he

4

was able to direct the Court to a specific passage within the Florida deposition which supported his position,[8] the underlying procedural deficiency remains unchallenged; to wit, the Plaintiff's failure to timely file a claim with the FDIC. *See Village of Oakwood v. State Bank and Trust Co.,* 539 F.3d 373, 385-86 (Every court that has considered the issue has found exhaustion of FIRREA's administrative remedies to be a jurisdictional prerequisite to suit in district court.) (citations omitted). Accordingly, the Plaintiff's objection is overruled.

Finally, the Plaintiff apparently takes issue with the Magistrate's decision to deny his request for her to "sign the [j]udgment entered on June 3, 2013" against HSBC. Report & Recommendation at 10. While the Plaintiff is correct in his assertion that the Clerk of this Court entered a default against HSBC, this does not - in the absence of a separate request lodged under Fed. R. Civ. P. 55(b) - entitle him to a judgment. The Plaintiff's reliance on Local Rule 58.1, prior to procuring a judgment, is therefore misplaced. *See* E.D. Mich. Local Rule 58.1(c)("Within seven days *after* granting the judgment or order . . . a person seeking entry of a judgment or order may serve a copy of the proposed judgment or order on the other parties . . . . ")(emphasis added). As such, this objection is likewise without merit.

For reasons already stated, the Court finds that the remainder of the Plaintiff's "objections" are merely a recitation of the allegations found in the complaint, and, as such, will be treated as a failure to object. *Howard*, 932 F.2d at 509 (6th Cir. 1991). Accordingly, inasmuch as the period of time for filing objections has now expired, this Court adopts the Magistrate's Report, including her recommendations, in its entirety.

---

[8] Although the Plaintiff provided the Court with a transcript of the Florida state court deposition, he has failed to point to anything in the 300 page record in support of his position. (Plaintiff's Objection, Exhibit A).

The last outstanding issue is the Plaintiff's motion for default judgment against HSBC. On June 5, 2013 (ECF No. 28) and July 18, 2013 (ECF No. 54), the Plaintiff requested the Clerk of this Court to enter a default judgment against HSBC. Both requests were denied because the Plaintiff's "affidavit of sum certain" was insufficient. However, in the Plaintiff's most recent filing, it is unclear whether he was relying upon Fed. R. Civ. P. 55(b)(1) or 55(b)(2). In the end, however, the Court finds the Plaintiff's motion is without merit without regard to the particular subsection under which he is proceeding.

Indeed, where, as here, "damages are unliquidated[,] a default admits only [the defaulting party's] liability and the amount of damages must be proved.'" *Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110 (6th Cir. 1995). In 1999, the Second Circuit explained that "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999). The rule provides that the Court may, in its discretion, conduct a hearing to determine the amount of damages and the truth of any allegation by evidence. Fed. R. Civ. P. 55(b)(2).

Upon its review of the paltry record before the Court, there is simply no plausible basis for the damages claimed by the Plaintiff, and a hearing under these circumstances is unwarranted. The only evidence in the record is the Plaintiff's own declaration, wherein he states that his claim is for "$4,670,129.19." Plaintiff's Motion for Default Judgment at 4. Without more, there is simply no reason for the Court to expend its limited judicial resources on investigating the veracity of the Plaintiff's damages claim. *See Vesligaj v. Peterson*, 331 F. App'x 351, 356 (6th Cir. 2009). As

such, the Plaintiff's Motion for Default Judgment is denied. Furthermore, the Court, following its review of the record, concludes that the Plaintiff's complaint does not contain any independent claims against HSBC or Luminent Captial. Hence, it must and does dismiss all claims against both Defendants. *See, e.g., Giverny Gardens, Ltd. P'ship v. Columbia Hous. Partners Ltd. P'ship*, 147 F. App'x 443, 451 (6th Cir. 2005) ("[S]ince Parkside offers no independent allegations against Columbia's affiliated and parent entities, there are no separate claims.)

For the reasons stated, the Court: (1) grants the motion to dismiss by the Defendants (FDIC, JP Morgan Chase & Co, Marshall Isaacs, and Orlans Associates) (ECF No, 8, 9, and 39); (2) denies the Plaintiff's motions to strike (ECF No: 19 and 31); (3) denies the Plaintiff's motions for discovery and change of venue (ECF No: 32 and 45); (4) denies the Plaintiff's motion for the Court to sign a proposed judgment (ECF No: 56); (5) denies the Plaintiff's motion for default judgment against HSBC (ECF No: 61); and (6) dismisses the Plaintiff's claims against the Defendants (HSBC and Luminent Capital). This Order closes the case in its entirety.

IT IS SO ORDERED.

Date: November 15, 2013　　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　　　　　　　　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 15, 2013.

　　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　　Case Manager